IDA E. MICHENER, Appellant, v. FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellee.

**INSURANCE:** Accident Insurance—Burden of Proof. Under an accident policy against bodily injury through accidental means, resulting directly, independently, and exclusively of all other causes, the insured must necessarily meet the burden of showing that the injuries received resulted solely from accidental means. Evidence held insufficient.

Headnote 1:  1 C. J. pp. 496, 504.

*Appeal from Pottawattamie District Court.*—TOM C. WHITMORE, Judge.

APRIL 7, 1925.

REHEARING DENIED SEPTEMBER 25, 1925.

ACTION on an accident insurance policy. From a directed verdict in favor of the defendant, the plaintiff appeals.—*Affirmed.*

*George H. Mayne* and *Thomas O. Tacy,* for appellant.

*Tinley, Mitchell, Ross & Mitchell,* for appellee.

ALBERT, J.—Plaintiff was the holder of the accident insurance policy in question, issued by the defendant company to her. She sued for two accidents, one of which occurred on the 30th of October, 1921, and the other on the 14th of October, 1922.

The first accident for which plaintiff claims damages, grew out of an attempt by her to extricate her automobile when it became stuck in the mud. Her foot slipped, and she fell from the car. She claims that she was injured in the right abdominal region. She was under the doctor's care from that time until the 26th of November, when she was taken back to the hospital, and operated upon on the 29th of November.

As to the second accident, which plaintiff claims occurred

on the 14th of October, 1922,—she was cranking her car, and it back-fired. The handle flew back, and struck her in the same part of the body where she claims to have been injured in the first instance. She suffered pain therefrom, and was ill. She was taken to the hospital the next day, and that night was again operated upon by another doctor. She was in the hospital for thirteen weeks, when she was taken to her home. She was unable to do any work for ten or twelve weeks after that.

Many objections are made in the record to the rulings of the court in excluding testimony offered by the plaintiff. While, in many instances, the ruling of the lower court on the admission of the offered testimony was wrong, we do not deem it material to the consideration of this case, as it now stands before the court.

The evidence in the case shows beyond dispute that, at the time this woman was operated upon, she was suffering from appendicitis, and also from abdominal adhesions. It further shows that at least on two or three occasions before the first accident, she had undergone abdominal operations, and shows that, following these operations, adhesions may occur, resulting, in some instances, in obstruction of the intestines.

As hereinafter explained, the burden of proof was on her to show that, at the time the accident occurred, she was free from any bodily ailments which in any way co-operated to cause the damages for which she seeks recovery. Several physicians testify in behalf of the plaintiff, and in no instance does a physician testify that her internal troubles were brought about by the accident. The furthest that any physician goes, is to state that it was possible that her internal troubles were chargeable to the accident; but no witness says that it was even probable that said troubles were so brought about.

The policy issued to the defendant herein limits the liability of the company. It insures the person named against bodily injury through accidental means, resulting directly, independently, and exclusively of all other causes. Under the record made in this case, the defendant insists that, under a strict construction of the terms of this contract, the plaintiff has not made out a case.

We had a similar policy under consideration in the case of

*Binder v. National Masonic Acc. Assn.*, 127 Iowa 25, and, in discussing the effect of such provisions in policies, we said, among other things, at page 35 of said opinion:

"As long as parties who are capable of so doing shall be permitted to make their own contracts, it is the plain duty of the court to enforce them as they are written, unless fraud or public policy shall intervene; and if it be true, as the jury might have found under the evidence, that the diseased condition of the arteries aggravated the effect of the accident, if there was one, and contributed to the disability occasioned thereby, then, under the express terms of the contract, there was no liability on the part of the association."

The general line of authorities on this proposition is set out following the above quotation, in the *Binder* case. We therein made reference to the case of *Delaney v. Modern Acc. Club*, 121 Iowa 528. That case was a suit on an accident policy for the death of the holder. The case is distinguishable from the one at bar, in that the disease was not shown to have existed prior to or concurrent with the injury, but was a natural consequence of it; and the death resulting therefrom was solely due to the injury, and not due to an independent cause. The phases of this question are very elaborately discussed in the *Delaney* case, where the distinctions are marked out.

These being the provisions of the policy, the burden of proof was on the plaintiff to show that the injuries of which she complains were within the provisions of this policy.

All of the physicians testify that they were unable to say for what length of time the appendicitis or the adhesions existed, before the accidents about which she complains. The doctors do testify that, at the time incisions were made, they found the adhesions and appendicitis; but, when pressed for an expression of their opinion, they say that they were unable to tell for what length of time these existed before they operated.

Viewing this record as a whole, and giving plaintiff the benefit of all her testimony, we feel that she has not made out a case, and sustained the burden of proof that was upon her, under the circumstances. This being true, the district court was right in directing a verdict in favor of the company; and we need

not pass upon the many errors urged as to the admission of or refusal to admit testimony.—*Affirmed.*

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.